IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARCIA FLEMING HAMMETT                                       PLAINTIFF

vs.                                                        No. 1:03CV281-D-D

MISSISSIPPI UNIVERSITY FOR WOMEN,
By and Through the BOARD OF TRUSTEES
FOR STATE INSTITUTIONS OF HIGHER
LEARNING                                               DEFENDANT

## OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendant's motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

### A. *Factual Background*

The Plaintiff, a registered nurse, entered the Defendant Mississippi University for Women (MUW)'s one year Master of Science in Nursing - Family Nurse Practitioner (MSN) program in the Fall of 1998. In order to graduate from the program, students must, *inter alia*, maintain a 3.0 grade point average and earn a minimum grade of B in each clinical course. The Plaintiff successfully completed all required coursework with the exception of a course she failed in the Spring semester of 1999, after receiving a low grade on one presentation during the course. After being readmitted to the MSN program in the Fall of 1999, the Plaintiff needed only to pass her final clinical exam in one course, NU 506 - Health Care Management: Community, in order to complete the program. She received a low grade on the clinical exam and, as a result, failed NU 506. Her failure in NU 506 resulted in her dismissal from the MSN program.

The Plaintiff appealed her dismissal from the MSN program through the in-house administrative channels established by MUW. The Plaintiff's appeal was denied. The Plaintiff

subsequently filed this suit, alleging that her dismissal from the MSN program was unlawful. In her complaint, she asserts claims for, *inter alia*, breach of contract, denial of procedural and substantive due process, and Title VII religious discrimination. The Defendant has now filed the presently pending motion for summary judgment, seeking judgment as a matter of law as to the Plaintiff's claims, based on Eleventh Amendment immunity and the Plaintiff's failure to file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

### B. *Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before

finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

*C. Discussion*

1. Eleventh Amendment

The Defendant moves to dismiss all of the Plaintiff's claims, other than her Title VII claim, based on the Defendant's Eleventh Amendment immunity from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment thus negates federal jurisdiction over covered suits, including federal suits against a state brought by the citizens of that state. See Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L. Ed. 842 (1890).

The Eleventh Amendment's reach is not limited to suits where a state is formally named as a defendant; any suit in which a state is the "real, substantial party in interest" is barred. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L. Ed. 2d 67 (1984); Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L. Ed. 2d 662 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."); Earles v. State Bd. of Certified Pub. Accountants of Louisiana, 139 F.3d 1033, 1036 (5th Cir. 1998). Thus, this immunity covers state agencies and entities that may be properly characterized as arms of the state. Porche v. St. Tammany Parish Sheriff's Office, 67 F. Supp. 2d 631, 632 (E.D. La. 1999).

3

In the case *sub judice*, the Plaintiff admits that MUW is a state entity and is an arm of the State of Mississippi. Thus, based on that stipulation and the above-cited authority, the court finds that the Plaintiff's non-Title VII claims are barred by the Eleventh Amendment and summary judgment is appropriate as to these claims. See, e.g., Raygor v. Regents of Univ. of Minnesota, 534 U.S. 533, 540-41, 122 S.Ct. 999, 152 L. Ed. 27 (2002); Okpalobi v. Foster, 244 F.3d 405, 411 (5th Cir. 2001); Briggs v. Mississippi, 331 F.3d 499, 503 (5th Cir. 2003) ("[T]he Eleventh Amendment bars suit against a state entity . . . regardless of whether money damages or injunctive relief is sought."); Ussery v. Louisiana, 150 F.3d 431, 434 (5th Cir. 1998) ("[T]his court has repeatedly held that Title VII clearly abrogated the States' Eleventh Amendment immunity."). Thus, the Plaintiff's claims, outside of her claim for Title VII religion discrimination, are dismissed based on the Defendant's Eleventh Amendment immunity from suit.

## 2. Filing of Charge with EEOC

The Defendant moves to dismiss the Plaintiff's claim for Title VII religion discrimination based on the fact that the Plaintiff admittedly failed to file a charge of discrimination with the EEOC.

Filing a charge of discrimination with the EEOC within 180 days of the alleged act of discrimination is required. See 42 U.S.C. § 2000e-5(e)(1). As the Fifth Circuit has held, "[e]mployment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002). Federal Courts in this Circuit have also held that the filing of an EEOC charge is a "precondition to filing suit in federal court" and that "[c]ertain prerequisites [including the timely filing of a charge of discrimination with the EEOC] must be met before a plaintiff can pursue a claim

4

of discrimination under Title VII in federal court." <u>Cruce v. Brazosport Indep. Sch. Dist.</u>, 703 F.2d 862, 863-64 (5th Cir. 1983); <u>Hampton v. Gannett Co.</u>, 296 F. Supp. 2d 716, 719 (S.D. Miss. 2003).

Because the Plaintiff admittedly failed to file a charge of discrimination with the EEOC prior to the filing of this suit, and no circumstances are present that justify waiving or tolling the requirement of filing a charge, the court is constrained to find that summary judgment is appropriate: no genuine issue of material fact remains and the Defendant is entitled to judgment as a matter of law.

*D. Conclusion*

In sum, for the above-stated reasons, the court finds that the Plaintiff's claims are barred and dismissal of all the Plaintiff's claims is appropriate.

A separate order in accordance with this opinion shall issue this day.

This the 13th day of June 2005.

/s/ Glen H. Davidson
Chief Judge